JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN STRETCH (CSBN 163973)
Chief, Criminal Division

DENISE MARIE BARTON
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7359
   Facsimile: (415) 436-7234
   denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>     v. <br> GILBERT HARO <br>     Defendant. | CR No. 08-0082 SI <br><br> NOTICE OF INTENT TO SEEK REMAND FOLLOWING GUILTY PLEA PURSUANT TO 18 U.S.C. § 3143(a)(2) |

    The defendant has indicated that he intends to enter a plea of guilty to the charges of Receipt and Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(1) and (a)(4), respectively, at a hearing scheduled before this Court on July 18, 2008. Currently, defendant is not in custody. He was released by the Honorable Joseph C. Spero on bond in the amount of $200,000, supported/secured by real property and pretrial release conditions on March 13, 2008. Plaintiff United States of America, through its counsel of record Assistant United States Attorney Denise Marie Barton, hereby notifies the Court and defendant that, following defendant's entry of a guilty plea, the government will be seeking defendant's remand to custody under 18 U.S.C. §

NOTICE OF GOVERNMENT'S INTENTION TO SEEK REMAND FOLLOWING GUILTY PLEA PURSUANT TO 18 U.S.C. § 3143(a)(2), CR 08-0082 SI     1

3143(a). The United States further submits that the defendant has been and is on notice of mandatory remand provisions under 18 U.S.C. § 3143(a) by its inclusion in Title 18 and because counsel for the United States has repeatedly advised counsel for the defendant of its intent to seek remand after a change of plea in accordance with this statute. Most recently, counsel for the United States advised counsel of its intention on July 11, 2008.

## DISCUSSION

### A. Section 3143(a)(2) Applies and Mandates Detention

Due to the nature of his conviction, the defendant is subject to mandatory detention pending sentencing pursuant to Title 18, United States Code, section 3143(a)(2). Section 3142(a)(2) provides that:

> The judicial officer *shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person;
>
> *and*
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis added). Following his guilty plea, defendant will have been found guilty of offense in a case described in subparagraph (A) of subsection (f)(1) of section 3142, namely a crime of violence for which a maximum term of imprisonment of 10 years or more is prescribed (see 18 U.S.C. § 2252(a)(1)). Defendant's crime of conviction meets the definition of a crime of violence under 18 U.S.C. § 3156(a)(4)(C) because it is a felony under chapter 110, which includes 18 U.S.C. §§ 2252.

By its plain language, Title 18, United States Code, section 3143(a) pertains to defendants who have "been found guilty of an offense" and are "awaiting imposition or execution of sentence." The fact that defendant here intends to plead guilty, as opposed to having been found

guilty by a jury following trial, does not alter the fact that, under the law, upon defendant's guilty plea defendant will have been "found guilty of an offense." *See United States v. Cazares*, 121 F.3d 1241, 1247 (9th Cir. 1997) ("'The effect [of a guilty plea] is the same as if [defendant] had been tried before a jury and had been found guilty on evidence covering all of the material facts.'") (quoting *United States v. Davis*, 452 F.2d 577, 578 (9th Cir. 1971)). Accordingly, following defendant's guilty plea in the instant case, section 3143(a) will govern defendant's release or detention. See *United States v. Devinna*, 5 F. Supp. 2d 872, 872 (E.D. Cal. 1998) ("Having pleaded guilty to a 'crime of violence,' defendant is subject to a provision mandating detention pending sentencing. See 18 U.S.C. § 3143(a)(2)."); *United States v. Bryant*, 895 F. Supp. 218, 220 (N.D. Ind. 1995) ("the guilty pleas must be considered equivalent to a finding of guilty for purposes of Section 3143(a)").

In this case, detention is mandatory under 18 U.S.C. § 3143(a)(2). Even if this Court finds by clear and convincing evidence that the defendant can meet the condition set forth in subsection (B) of section 3143(a)(2)[1] -- that is, that defendant is not likely to flee or pose a danger, the government respectfully submits that neither of the alternative conditions set forth in subsection (A) of § 3143(a)(2) can be met here. Defendant intends to plead guilty, so there is not a substantial likelihood that a motion for acquittal or new trial will be granted. And a government attorney has not recommended and will not recommend that no sentence of imprisonment be imposed in this case. Thus, on its face, § 3143(a)(2) forecloses the opportunity for defendant here to be released on bond pending sentencing.

**B. Defendant Does Not Fall Within the Exception of § 3145(c)**

Although 18 U.S.C. § 3145(c) provides for an limited exception from mandatory detention, there are no "exceptional circumstances" in this case that warrant release pending

//
//
//

---

[1] The United States does not concede that the defendant can make this showing.

1 sentencing. Under 18 U.S.C. § 3145(c),

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions or release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). The Ninth Circuit has found that "the district court has authority to determine whether there are exceptional reasons," and has broad discretion in making the determination. *United States v. Garcia*, 340 F.3d 1013, 1014 n.1, 1018 (9th Cir. 2003).

In *Garcia*, the Ninth Circuit addressed the meaning of "exceptional reasons" but "place[d] no limit on the range of matters the district court may consider." *Id*. at 1018-19. The Court of Appeals emphasized, however, that the circumstances warranting release must indeed be exceptional:

> Hardships that commonly result from imprisonment do not meet the standard. The general rule must remain that conviction for a covered offense entails immediate incarceration. Only in truly unusual circumstances will a defendant whose offense is subject to the statutory provision be allowed to remain on bail pending appeal.

*Id*. at 1022. To date, the defendant has not identified any circumstances that are "exceptional" that would warrant his release pending sentencing. However, to the extent that the defendant relies on arguments similar to those made in prior proceedings before the Magistrate Court, the United States contends that these factors will not be "exceptional" to warrant excusing him from detention. Compliance with pretrial release; absence of a criminal record; stable employment; and mental health treatment are not "exceptional circumstances" that would demonstrate that detention is not appropriate. *See U.S. v. Little*, 485 F.3d 1210 (8th Cir. 2007) (cooperation in the investigation, consent to seizure of computer, full compliance with pre-trial release conditions, and finely his timely appearance at all court proceedings were each and in combination not found to be an exceptional circumstance); *U.S. v. Larue*, 478 F.3d 924 (8th Cir. 2007) (compliance with terms of pretrial release, absence of criminal record, payment of child support for two children, and ongoing employment did not - either individually or in the totality - rise to the level of

1  exceptional circumstances);  *U.S. v. Brown*, 368 F.3d 992 (8th Cir. 2004)(involvement in a
2  treatment program for depression and the fact that he could be subjected to violence in jail due to
3  his child pornography conviction did not rise to the level of exceptional circumstances); *U.S.*
4  *Lea*, 360 F.3d 401 (2nd Cir. 2004)(being a first time offender was not an exceptional
5  circumstance).
6        The government respectfully submits that in this case there are no "exceptional reasons"
7  under § 3145(c).  Accordingly, even if defendant is able to establish by clear and convincing
8  evidence that he is not a flight risk or a danger to any other person or to the community, detention
9  is mandatory.

## CONCLUSION

For the foregoing reasons, the government is bound under 18 U.S.C. § 3143(a)(2) to seek defendant's remand to custody following his plea of guilty, and respectfully submits that defendant's circumstances do not qualify as exceptional so as to warrant his release under 18 U.S.C. § 3145(c).

DATED: July 17, 2008                    Respectfully submitted,

                                              JOSEPH P. RUSSONIELLO
                                              United States Attorney


                                              _____/s/_____
                                              DENISE MARIE BARTON
                                              Assistant United States Attorney